USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/06

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT L. GELTZER, as Chapter 7 : Civil Action File No.
Trustee of SOLIDARITY OF LABOR :
ORGANIZATION INTERNATIONAL : 05 Cv 2092 (KMW)
UNION BENEFIT FUND, a/k/a S.O.L.O. :
BENEFIT FUND, :
              Plaintiff, :
   v. :
  :
ANTHONY PECONE, PREMIER :
BENEFIT ADMINISTRATORS, LLC, AND :
NATIONAL ENTREPRENEURS :
ASSOCIATION. :
             Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
  : United States Bankruptcy Court
In re: : Chapter 7 Case No. 02-10801 (SMB)
  :
SOLIDARITY OF LABOR ORGANIZATION :
INTERNATIONAL UNION BENEFIT FUND, :
  a/k/a S.O.L.O. BENEFIT FUND, :
  :
             Debtor. :
  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING A STIPULATION OF SETTLEMENT
BETWEEN THE TRUSTEE AND ANTHONY PECONE,
PREMIER BENEFIT ADMINISTRATORS, LLC, AND
NATIONAL ENTREPRENEUR ASSOCIATION, PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the Application, dated July 18, 2006 (the "Application"), of Robert L. Geltzer, Esq., the Chapter 7 Trustee (the "Trustee") of the Debtor, Solidarity of Labor Organization International Union Benefit Fund, a/k/a S.O.L.O. Benefit Fund ("S.O.L.O."), in support of the Trustee's Motion (the "Trustee's Rule 9019 Motion") for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Stipulation of Settlement ("Stipulation"), attached as Exhibit A, entered into between the Trustee and Anthony Pecone, Premier Benefit

1

C04935I 0178843 1319911.2

Administrators, LLC and National Entrepreneurs Association (the "Defendants"), resolving the above-captioned adversary proceeding (the "Adversary Proceeding") in this bankruptcy case, and upon all other papers filed in connection with the Trustee's Rule 9019 Motion; and

This Court having held a hearing with respect to the Trustee's Rule 9019 Motion on September 15, 2006; and good and sufficient notice of the Trustee's Rule 9019 Motion and of the hearing having been given in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of the Southern District of New York, and no further notice being required; and no objection having been interposed to the Trustee's Rule 9019 Motion; and due deliberation having been had; and the Court having found that the Stipulation is in the best interests of the Debtor, its estate, and its creditors; and for good cause shown, it is

**ORDERED** that the relief requested in the Trustee's Rule 9019 Motion is hereby granted in all respects; and it is further

**ORDERED** that the Stipulation, including, without limitation, the settlement reflected therein and each of the terms contained therein, which terms are incorporated herein by reference, is hereby approved in all respects; and it is further

**ORDERED** that the settlement reflected in the Stipulation is within the proper business judgment of the Trustee; and it is further

**ORDERED** that any requirement under any Local Bankruptcy Rules for the submission of a memorandum of law with respect to the Trustee's Rule 9019 Motion is hereby dispensed with and waived.

Dated: September 15, 2006
New York, New York

The Clerk of Court is directed to close this case. Any pending motions are moot.

_____
**HONORABLE KIMBA M. WOOD**
**UNITED STATES DISTRICT JUDGE**

3

# EXHIBIT A

| | |
|---|---|
| BRYAN CAVE LLP<br>By: Robert A. Wolf (RW 3419)<br>　　　Cari J. Sommer (CS 0539)<br>1290 Avenue of the Americas<br>New York, New York 10104<br>(212) 541-2000 | BARNES IACCARINO VIRGINIA<br>　AMBINDER & SHEPHERD PLLC<br>By: Riccardo Iaccarino<br>3 Surrey Lane<br>Hempstead, New York 11550<br>(516) 483-2990 |
| *Special Litigation Counsel for*<br>*Plaintiff Robert L. Geltzer as Chapter*<br>*7 Trustee of S.O.L.O. Benefit Fund* | *Counsel for Defendants* |

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT L. GELTZER, as Chapter 7　　　　　　: Civil Action File No.
Trustee of SOLIDARITY OF LABOR　　　　　　:
ORGANIZATION INTERNATIONAL　　　　　　　: 05 Cv 2092 (KMW)
UNION BENEFIT FUND, a/k/a S.O.L.O.　　　　　:
BENEFIT FUND,　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
ANTHONY PECONE, PREMIER　　　　　　　　　:
BENEFIT ADMINISTRATORS, LLC, AND　　　　:
NATIONAL ENTREPRENEURS　　　　　　　　　:
ASSOCIATION.　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　　　: United States Bankruptcy Court
In re:　　　　　　　　　　　　　　　　　　　　　: Chapter 7 Case No. 02-10801 (SMB)
　　　　　　　　　　　　　　　　　　　　　　　　:
SOLIDARITY OF LABOR ORGANIZATION　　　:
INTERNATIONAL UNION BENEFIT FUND,　　　:
　　a/k/a S.O.L.O. BENEFIT FUND,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Debtor.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION OF SETTLEMENT AMONG
### CHAPTER 7 TRUSTEE AND DEFENDANTS ANTHONY
### PECONE, PREMIER BENEFIT ADMINISTRATORS LLC,
### AND NATIONAL ENTREPRENEURS ASSOCIATION

This Stipulation of Settlement ("Stipulation") is entered between Robert L.

Geltzer, as Chapter 7 Trustee (the "Trustee") of Solidarity of Labor Organization

International Union Benefit Fund, a/k/a S.O.L.O. Benefit Fund, the Debtor in this

1

bankruptcy case (the "Debtor"), and defendants Anthony Pecone, Premier Benefit Administrators, LLC ("PBA"), and National Entrepreneurs Association ("NEA") (collectively "Defendants"), in connection with a dispute in the above-captioned adversary proceeding in this bankruptcy case.

WHEREAS, on February 21, 2002, the Debtor filed a voluntary petition for relief under Chapter 11 (the "Chapter 11 Petition") of title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"); and

WHEREAS, on March 12, 2003, an Order was entered by this Court converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Bankruptcy Case"); and

WHEREAS, pursuant to the United State Trustee's Notice of Appointment of Trustee, on or about March 14, 2003, plaintiff Robert L. Geltzer, Esq. was appointed Chapter 7 Trustee for the estate of the Debtor, duly qualified, and has been, and is now, acting as such Trustee; and

WHEREAS, at all relevant times, defendant Pecone was an officer, employee, member and/or owner of defendants PBA and NEA; and

WHEREAS, on December 28, 2004, the Trustee commenced an adversary proceeding against the Defendants in the Chapter 7 Bankruptcy Case (the "Adversary Proceeding"), asserting in his complaint (the "Complaint") claims against the Defendants for turnover, conversion, unjust enrichment, and improper receipt of fees, and

WHEREAS on February 28, 2005, counsel for the Trustee and counsel for the Defendants entered into a stipulation consenting to the withdrawal of the reference to the Adversary Proceeding, which was so ordered by this Court on March 8, 2005; and

WHEREAS the Trustee and the Defendants (collectively, the "Parties") wish to avoid the expense and delay of further litigation and to settle the subject claims of the above-referenced proceeding, as well as any and all other claims that were or could be asserted by either of the Parties against each other, up to and including the date of this Stipulation, pursuant to the terms hereof,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1. Defendants will pay to the Trustee the amount of $175,000 (the "Settlement") in returned fees in settlement of this adversary proceeding. Simultaneously with the execution of this stipulation, Defendants will make a cash payment of $115,000 payable to the order of the Trustee. Defendants will pay the remainder of the Settlement in five $12,000 installments, so as to be received on behalf of the Trustee on the following dates: $12,000 on June 1, 2006, $12,000 on July 1, 2006, $12,000 on August 1, 2006, and $12,000 on September 1, 2006 and $12,000 on October 1, 2006. All settlement payments (the "Payments") will be made by check to the order of "Robert L. Geltzer, as Chapter 7 Trustee of S.O.L.O. Benefit Fund," and delivered to the Trustee's Special Litigation Counsel, Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104, to the attention of Cari J. Sommer by Federal Express or other overnight courier so as to be received by the respective dates set forth above. The Payments shall be held by the Trustee in the interest-bearing bonded account being

3

maintained by the Trustee on behalf of S.O.L.O's bankruptcy estate in Bank of America, subject to the further terms set forth below.

2. Failure of Defendants to make any Payment when due shall constitute a default under this Stipulation (a "Default"), in which event judgment against Defendants jointly and severally for $250,000 (the "Judgment") may be entered on five (5) business days' written notice (the "Notice"), *via* Federal Express or other overnight carrier and facsimile or email to Anthony Pecone, NEA and PBA, c/o their counsel, Riccardo Iaccarino, Esq., Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, 3 Surrey Lane, Hempstead, New York 11550, fax no. 516-483-0566, subject to the further terms set forth below in this paragraph 2. Defendants shall have five (5) business days from the date of the Notice to cure the Default by making any past-due Payment(s) by delivery in the manner set forth in paragraph 1 above. If Defendants submit any past-due Payment(s) within five (5) business days of the date of the Notice, the Trustee shall withdraw the request for entry of the Judgment or consent to vacate any entry of the Judgment and take no further action against Defendants, except as permitted by this Stipulation. Alternatively, if Defendants fail to cure any outstanding Default within five (5) business days, the Trustee will have the right to enforce the Judgment, with both entry and enforcement being permitted and not opposed by any party, irrespective of any bankruptcy by or against any party and without regard to the automatic stay in any such bankruptcy case. In connection with such enforcement, any Payments already received by the Trustee and being held by the Trustee in the bonded account shall immediately be deemed property of the Debtor's estate, and shall be credited against the amount of the Judgment.

4

3.      The Trustee, by his Special Litigation Counsel, shall make a motion, once the Parties have executed this Stipulation, to have this Stipulation and the settlement reflected herein approved by an order of the Court in the form annexed hereto as Exhibit A (the "Approval Order"), and shall take such reasonable and necessary action as required to have the Approval Order entered as promptly as possible, at the sole cost and expense of the Trustee on behalf of the estate.

4.      The Payments, together with interest, if any, earned thereon, shall not be deemed property of the Debtor's estate until the Approval Order is entered and has become a Final Order. As used herein, a Final Order means an order that has been duly entered on the docket of the Court, and the time for any party to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek *certiorari* has expired without the Approval Order being vacated, reversed or modified.

5.      Upon the date on which Approval Order becomes a Final Order (the "Final Order Date"), each of the Payments received as of the Final Order Date shall become the property of the estate and any subsequent Payments received by the Trustee shall also be property of the estate. Alternatively, any Payments made will be returned to Defendants within ten (10) business days following the date upon which an order denying the motion for entry of the Approval Order becomes a Final Order. In such event, upon

5

C049351/0178843/1298984.5

the return of the Payments received, this Stipulation shall be deemed null and void and of no further force or effect.

6. The Parties agree to mutual releases as follows:

a. 91 days after the Final Order Date, provided that the Trustee (i) has not been required to disgorge, or has been subject to a demand to disgorge, all or any portion of the Payments made (the "Disgorgement"), and (ii) Defendants have not filed a voluntary bankruptcy petition or become the subject of an involuntary bankruptcy proceeding (the "Defendant Bankruptcy"), the Trustee shall be deemed to have released and forever discharged Defendants and their respective successors, heirs, executors, administrators, and assigns (the "Defendant Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which the Trustee or the Debtor ever had, now has or hereafter can, shall or may have against the Defendant Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner Defendants obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

b. 91 days after the Final Order Date, provided no disgorgement or Defendant Bankruptcy has occured, Defendants, on their own behalf and on behalf of their predecessors, successors, heirs, executors, administrators and assigns, (collectively "Defendant Releasors") shall be deemed to have released and forever

6

C049351/0178843/1298984.5

discharged the Trustee and the Debtor, and each of their respective officers, directors, principals, employees, representatives, attorneys, agents, professionals, successors, heirs, executors, administrators and assigns (collectively "Debtor Parties") from all actions, causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which Defendant Releasors ever had, now have or hereafter can, shall or may have against the Debtor Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect. Additionally, Defendant Releasors agree not to file any proofs of claim or assert any claims or interests against the Debtor's bankruptcy estate.

7. This Stipulation and the Payments made hereunder are not intended to be, shall not be construed as and do not constitute any admission or concession whatsoever by Defendants or any of their respective successors, executors, heirs, administrators or assigns of any wrongdoing or illegal or actionable acts or omissions, and Defendants expressly deny that they have engaged in any wrongdoing, or illegal or actionable acts or omissions.

8. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation of Settlement. In this regard, provided that the Approval Order is entered, and the Approval Order becomes a

Final Order, the Parties shall execute a stipulation of dismissal of this Adversary

Proceeding.

8

C049351/0178843/1298984.5

9. This Stipulation may be signed by the Parties in counterpart originals.

Dated: New York, New York
May 8, 2006

ANTHONY PECONE

Robert L. Geltzer, Esq., as Chapter 7 Trustee of S.O.L.O. Benefit Fund

NATIONAL ENTERPRENEURS ASSOCIATION

By: ______________________
Anthony Pecone
Member

BRYAN CAVE LLP
*Special Litigation Counsel for the Chapter 7 Trustee*
1290 Avenue of the Americas
New York, New York 10104

By: ______________________
Robert A. Wolf, Esq.

PREMIER BENEFITS ADMINISTRATORS, LLC

By: ______________________
Anthony Pecone
Member

BARNES, IACCORINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC
By: *Riccardo Iaccarino, Esq.*
3 Surrey Lane
Hempstead, New York 11550

By: ______________________
Riccardo Iaccorino, Esq.

C049351/0178843/1298984.5